**James V. MILLS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3398.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 24, 2005.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

James V. Mills ("Mills") petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal from an Office of Personnel Management ("OPM") decision as untimely filed. *Mills v. Office of Pers. Mgmt.*, No. DC844E030743–I–1, 96 M.S.P.R. 465, 2004 WL 1416640 (M.S.P.B. June 17, 2004) (*"Final Decision"*). Mills asserts that he is entitled to disability retirement benefits under the Federal Employees' Retirement System. Mills further argues that the Board erred in disregarding a decision by the Social Security Administration's Office of Hearings and Appeals ("SSA") on October 10, 2002, a report by his physician on September 23, 2002, and his age. The Board determined that Mills filed his appeal more than a year after the OPM decision and never established good cause for the delayed filing. We agree with the Board that Mills failed to establish good cause for his untimely filing, and thus that the Board properly dismissed Mills's claim. We *affirm*.

## I. BACKGROUND

Mills was a Tobacco Grader with the United States Department of Agriculture ("agency") for approximately fourteen years until submitting his resignation in 2001. He is approximately fifty-six years of age.

On March 19, 1999, Mills was involved in a truck-tractor accident, which resulted in right hand, bilateral hip, anterior chest wall, neck, and back pain. Mills subse-

quently applied to the OPM for disability retirement. On September 24, 2001, OPM made an initial decision denying his application, and on August 15, 2002, OPM made a final decision sustaining the original decision. OPM relied on various documentation in its determination including: (1) a June 4, 1999 document indicating that Mills's CT scan and EMG/NCV studies were normal; (2) a July 3, 1999 MRI indicating only mild degenerative changes without any disc herniation, spinal stenosis or definite nerve root impingement; and (3) a July 7, 1999 document indicating that degenerative changes in Mills's cervical and lumbar spine did not require any surgery. OPM found that the medical documentation was insufficient to support that Mills had a disability medical condition prior to resignation from the agency. OPM advised Mills that he had a right to appeal the decision to the Board but that such an appeal "must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of the decision, whichever is later."

On September 23, 2002, Mills's physician, William de Araugo, M.D., signed a report stating that the motor vehicle accident probably caused a condition requiring knee surgery. On October 10, 2002, the SSA found that Mills was entitled to a period of disability commencing February 1, 2001 and to Disability Insurance Benefits under the Social Security Act.

On August 20, 2003, Mills filed an initial appeal with the Board, protesting OPM's August 15, 2002 final decision. On August 22, 2003, the administrative judge issued an Acknowledgement Order, stating that Mills's appeal was received, advising Mills that his appeal appeared to have been filed after the thirty-day time limit, and ordering Mills to file evidence and argument showing that the appeal was timely filed or that good cause existed for the delay within fifteen calendar days. *Mills v. Office of*

*Pers. Mgmt.,* No. DC844E030743–I–1 (M.S.P.B. August 22, 2003) *("Acknowledgement Order")*. On October 24, 2003, the administrative judge issued an initial written decision, dismissing the appeal as untimely filed. *Mills v. Office of Pers. Mgmt.,* No. DC844E030743–I–1 (M.S.P.B. October 24, 2003) *("Initial Decision")*. In the decision, the administrative judge noted that Mills never responded to the earlier order to file evidence and argument showing that his appeal was timely filed or that good cause existed for the delay. *Initial Decision* at 3.

On November 25, 2003, Mills filed a petition for review with the full Board, submitting a written explanation for his untimely filing at that time: (1) that he was waiting for the SSA decision; (2) that he was waiting to see if his health improved; and (3) that he was waiting to see if the agency would rehire him. On June 17, 2004, the full Board denied Mills's petition for review making the administrative judge's initial decision the final decision of the Board. The Board based its decision on its conclusion that there was no new, previously unavailable evidence and that the initial decision made no error in law or regulation that affects the outcome.

Mills appeals the Board's decision to this court. We have jurisdiction to hear appeals from final decisions of the Board under 5 U.S.C. § 7703.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review a decision of the Board deferentially. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5

U.S.C. § 7703 (2005); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). Before the Board, Mills had the burden of establishing that his delay in filing the appeal was excusable. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). When determining whether an appellant has shown good cause for an untimely filing, the Board considers: (a) the length of the delay; (b) the reasonableness of his excuse and whether he shows due diligence; (c) whether he is proceeding pro se; (d) whether he has presented evidence of the circumstances beyond his control that affected his ability to comply with the time limit; and (e) whether he suffered some unavoidable misfortune that made his filing to be untimely. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir.1994). Whether the time limit for a filing deadline should be waived based upon a showing of good cause is a matter entrusted to the Board's discretion, and we must not substitute our judgment for that of the Board. *Mendoza*, 966 F.2d at 653.

## B.  TIMELINESS

The Board's regulations require that an appeal of an OPM decision pertaining to civil service retirement be filed within thirty days from either the effective date of the decision or the date of receipt of the decision, whichever is later, under 5 C.F.R. § 1201.22(b). If an appellant does not file his appeal within the thirty-day time limit, the appeal will be dismissed unless the appellant establishes good cause for the delay under 5 C.F.R. §§ 1201.12, 1201.22(c).

In this case, OPM issued its final decision on August 15, 2002. The decision accurately outlined the thirty-day time limit for an appeal in bold face. However, Mills did not file his appeal to the Board until August 20, 2003, over a year after the OPM issued its decision. Thus, the appeal was untimely filed. The Board ordered Mills to submit evidence to show good cause for the untimeliness, but Mills never responded to the order. Consequently, the Board correctly dismissed the appeal as untimely filed.

In Mills's petition for review, Mills argues that the Board erred in disregarding the SSA decision, the report from his physician, and his age. However, Mills does not explain why these factors led to his untimely delay. It appears that Mills is arguing that he was waiting for the report from his physician and the SSA decision before filing the appeal to the Board. These documents may have assisted Mills in the merits of his claim, but do not show good cause for his untimely filing. Indeed, these documents, the physician report and the SSA decision, were from September 23, 2002 and October 10, 2002 respectively and do not account for the delay until August 20, 2003, over ten months later, when Mills filed his appeal to the Board.

Accordingly, we find that the Board did not err in holding that Mills did not show good cause for his late filing and, therefore, in dismissing the appeal. The order of the Board is affirmed.